1    GLENN L. BRIGGS (SBN 174497)
     Email: gbriggs@kadingbriggs.com
2    THERESA A. KADING (SBN 211469)
     Email: tkading@kadingbriggs.com
3    KADING BRIGGS LLP
     100 Spectrum Center Drive, Suite 800
4    Irvine, California 92618
     Telephone: (949) 450-8040
5    Facsimile: (949) 450-8033

6    Attorneys for Defendant
     WELLS FARGO BANK, N.A.

7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   CAUDLEY SIMON, on behalf of himself, all others similarly situated, | Case No. |
| 12 | [Los Angeles County Superior Court Case No.: 19STCV42777] |
| 13         Plaintiff, | |
| 14    vs. | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF REMOVAL OF** |
| 15   WELLS FARGO BANK, NATIONAL ASSOCIATION, a | **ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§** |
| 16   National Banking Association; and DOES 1 through 100, inclusively, | **1332(d) AND 1441 (DIVERSITY)** |
| 17         Defendants. | Complaint Filed:   December 2, 2019 |

18

19

20

21

22

23

24

25

26

27

28

453940

1      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2  CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF

3  RECORD:

4

5      PLEASE TAKE NOTICE THAT, based on the following allegations, Defendant

6  Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") hereby removes the state court

7  action described below.

8

9  **I.**    **THE STATE COURT ACTION**

10      On December 2, 2019, Plaintiff Caudley Simon ("Plaintiff") commenced a class

11  action complaint against Defendant in the Superior Court of the State of California in and

12  for the County of Los Angeles, entitled *Caudley Simon v. Wells Fargo Bank, National*

13  *Association, et al.*, as case number 19STCV42777. True and correct copies of the Class

14  Action Complaint ("Complaint") and Civil Case Cover Sheet are attached hereto as

15  Exhibit A. A true and correct copy of the summons, filed on December 2, 2019, is

16  attached hereto as Exhibit B.

17      Plaintiff served Defendant with the Complaint and Summons by personal service

18  on December 10, 2019. A copy of Corporation Service Company's Notice of Service of

19  Process, showing the date of service, is attached hereto as Exhibit C. This Notice of

20  Removal is filed within 30 days from the date upon which Defendant was served and is

21  within the time for removal provided by law. *See* 28 U.S.C. § 1446(b).

22      This is a civil action of which this Court has original jurisdiction under 28 U.S.C.

23  section 1332(d), and is one that may be removed to this Court by Defendant pursuant to

24  the provisions of 28 U.S.C. section 1441, in that it is a class action in which Plaintiff is a

25  citizen of a different state than Defendant, the putative class has more than 100 members,

26  and the aggregate amount in controversy exceeds the sum of $5,000,000, exclusive of

27  interest and costs.

28

453940

## II.    REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332(d), 1441

### A.    Diversity of Citizenship

Federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") is established by showing that the parties satisfy, among other requirements, "minimal diversity," *i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006) ("Section 1332(d) thus abandons the complete diversity rule for covered class actions") (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684) (9th Cir. 2005) (noting that 28 U.S.C. § 1332(d) requires only "minimal diversity"). As discussed below, minimal diversity is satisfied in this case because Plaintiff is a citizen of the State of California and Wells Fargo is a citizen of the State of South Dakota.

### 1.    Plaintiff is a Citizen of California

For diversity purposes, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kaneter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). As the Ninth Circuit observed in *Lew*, determining an individual's domicile "involves a number of factors," including ***current residence, place of employment***, and other factors such as voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750 (emphases added).

Plaintiff's Complaint alleges that Plaintiff "is, and at all relevant times mentioned herein [sic], an individual residing in the State of California" and that "Plaintiff worked for Defendants as a non-exempt, hourly employee from approximately November 20, 2014 through on or about November 24, 2018." *See* Exhibit A, ¶¶ 4, 18.

1    Given that Plaintiff remains a resident of California (even after the termination of

2    his employment with Wells Fargo), Plaintiff has demonstrated an intent to remain in the

3    State of California.  Defendant is informed and believes that Plaintiff was, and still is, a

4    citizen of the State of California.  Accordingly, for diversity purposes, Plaintiff is a citizen

5    of California.

6              **2.      Wells Fargo is a Citizen of South Dakota**

7    Wells Fargo is a national banking association.  The citizenship of a national

8    banking association is governed by 28 U.S.C. section 1348, which states that national

9    banking associations are "deemed citizens of the States in which they are respectively

10   *located*."  28 U.S.C. § 1348 (emphasis added).

11   Wells Fargo's main office, according to its articles of association, is in Sioux Falls,

12   South Dakota.  Attached hereto as Exhibit D is a true and correct copy of the Articles of

13   Association for Wells Fargo, as issued by the Office of the Comptroller of the Currency,

14   Administrator of National Banks, reflecting that Wells Fargo (at Article II, §1) has its

15   main office in Sioux Falls, South Dakota.[1]

16   The Ninth Circuit has unequivocally held that Wells Fargo is a citizen *only* of

17   South Dakota for diversity purposes.  *Rouse v. Wachovia Mortgage, FSB*,[2] 747 F.3d 707,

18   709 (9th Cir. 2014) ("under 28 U.S.C. § 1348, a national bank is a citizen ***only of the state***

19   ***in which its main office is located***") (emphasis added).  In addition, the United States

20   Supreme Court, after a thorough examination of the historical versions of Section 1348

21   and the existing case law, held that "a national bank, for § 1348 purposes, is a citizen of

22   the state in which its main office, as set forth in its articles of incorporation, is located."

23   *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).  Wells Fargo's citizenship for

24   diversity purposes, therefore, is South Dakota – and *only* South Dakota.  *Rouse*, 747 F.3d

25   at 715 ("Accordingly, Wells Fargo is a citizen only of South Dakota, where its main office

26   [1] In the contemporaneously-filed Request for Judicial Notice, Wells Fargo requests that

27   the Court take judicial notice of its Articles of Association.

28   [2] Wachovia Mortgage is now a division of Wells Fargo. *Rouse*, 747 F.3d at 709.

453940

1    is located").

2         Pursuant to this binding authority, Wells Fargo is a citizen only of South Dakota.

3    As Plaintiff is a citizen of California, CAFA's minimal diversity requirement is satisfied.

4         **B.    The Putative Class Action Exceeds 100 Members**

5         Federal jurisdiction under CAFA may be invoked where the number of putative

6    class members exceeds 100.  28 U.S.C. § 1332(d)(5)(B); *see also Dart Cherokee Basin*

7    *Operating Co., LLC v. Owens* ("*Dart*"), 135 S. Ct. 547, 552 (2014).

8         This case is a wage and hour class action alleging claims on behalf of all current

9    and former Wells Fargo team members in the State of California who were employed in

10   non-exempt positions at any time in the four years prior to the filing of the Complaint.

11   *See* Exhibit A, ¶ 10.[3]  Plaintiff does not specify the exact number of putative class

12   members, but alleges that the putative class is "so numerous that the individual joinder of

13   each individual class member is impractical."  Exhibit A, ¶ 12.

14

15

16

17

18

19

20

21

22

23

24

25

26   [3] Wells Fargo disputes that Plaintiff can represent *all* non-exempt California team
     members given the requirements for maintaining a class action but, for purposes of this
27   Notice of Removal, Wells Fargo takes Plaintiff's pleading at its face to determine whether
     CAFA requirements are met.
28

453940

1    The number of putative class members (current and former California non-exempt

2    team members who worked in the four years prior to the filing of Plaintiff's Complaint)

3    exceeds 45,000 individuals,[4] clearly meeting CAFA's 100 class member requirement.

4    **C.    The Amount in Controversy Exceeds $5,000,000**

5    For removal purposes under CAFA, the aggregate amount in controversy must

6    exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(6). Where the

7    plaintiff's complaint makes a good-faith demand for monetary relief in a stated sum, that

8    sum is deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). Where, as here,

9    the complaint does not state the amount in controversy, the defendant's notice of removal

10   may do so. *Dart*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(c)(2)(A)).

11   As the U.S. Supreme Court held in *Dart*, the notice of removal need only *plausibly*

12   *allege* the amount in controversy; the defendant's "short and plain" statement of the

13   grounds for removal need *not* contain evidentiary submissions. *Dart*, 135 S. Ct. at 554.

14   The Supreme Court also observed that "no antiremoval presumption attends cases

15   invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions

16   filed in federal court." *Id.* Similarly, the Ninth Circuit has noted that "Congress intended

17   CAFA to be interpreted expansively." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d

18   1193, 1197 (9th Cir. 2015) (citing Senate Report on CAFA, S. Rep. 109-14, at p. 42 (Feb.

19

20   [4] Plaintiff's putative class is defined as all California non-exempt team members who
     worked for Wells Fargo during the time period beginning four years prior to the filing of

21   the Complaint. *See* Exhibit A, ¶ 10. Plaintiff further alleges that Defendant "maintained a
     policy or practice" of not providing legally compliant meal and rest periods, failing to pay

22   employees for all hours worked, not reimbursing all necessary business expenses, and
     failing to provide employees with accurate, itemized wage statements. *See* Exhibit A, ¶¶

23   53, 65, 83, 93, 110, 116. While Wells Fargo disputes maintaining any illegal policies and

24   disputes that any team member experienced an alleged wage and hour violation, for the
     purposes of this removal, Plaintiff's own allegations that Wells Fargo employed policies

25   and practices that were applied company-wide supports the inference that Plaintiff's
     putative class is alleged to encompass all California non-exempt team members who

26   worked for Wells Fargo during the relevant period. Wells Fargo's review of its records

27   shows that it has employed at least 45,000 individuals in non-exempt positions in
     California during the time period from December 2, 2015 through November 30, 2019.

28

453940

6

28, 2005), which counsels that if a federal court is "uncertain" about whether all matters in controversy exceed $5,000,000, *the court should err in favor of exercising jurisdiction over the case*") (emphasis added)).

The "amount in controversy" is determined by the amount of damages that is the subject of the action. *Kroske v. U.S. Bank*, 432 F.3d 976, 980 (9th Cir. 2005). In other words, it is "the amount involved in the underlying dispute." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 664 (9th Cir. 2005); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) ("the general rule is that 'the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed'").

Plaintiff purports to assert seven causes of action against Defendant on behalf of the putative class: (i) failure to provide meal periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198); (ii) failure to provide rest periods (Lab. Code §§ 204, 223, 226.7 and 1198); (iii) failure to pay hourly wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198); (iv) failure to indemnify (Lab. Code § 2802); (v) failure to provide accurate written wage statements (Lab. Code §§ 226(a)); (vi) failure to timely pay all final wages (Lab. Code §§ 201, 202 and 203); and (vii) unfair competition (Bus. & Prof. Code §§ 17200 *et seq.*). *See* Exhibit A, ¶¶ 45-147. As demonstrated below in relation to just a few of the causes of action, the aggregate amount in controversy clearly exceeds the sum of $5,000,000, exclusive of interests and costs.[5]

### 1.    First and Second Causes of Action (Failure to Provide Meal and Rest Periods)

Plaintiff alleges that he and the putative class members were "regularly not provided" with compliant meal and rest periods. Exhibit A, ¶¶ 30, 32.

Under California's Labor Code, an employee can recover one hour of pay at the employee's regular rate of compensation for each work day that a compliant meal and/or

---

[5] Wells Fargo's demonstration that the amount in controversy exceeds the $5,000,000 minimum is not an admission of liability or concession that Plaintiff is entitled to recover this (or any) amount.

1    rest period is not provided.  *See* Cal. Labor Code § 226.7.  If neither a required meal

2    period nor rest period are provided in the same day, the employee potentially may recover

3    one hour of pay for the missed meal period *plus* one hour of pay for the missed rest period

4    (as opposed to one hour for the entire day).

5         Assuming that one-quarter of the putative class members were denied just one

6    compliant meal period and one compliant rest period *every four weeks* (Plaintiff will

7    undoubtedly claim more), and assuming 102 weeks worked in a relevant position by each

8    non-exempt team member during the four years prior to the filing of Plaintiff's

9    Complaint,[6] the amount in controversy relative to Plaintiff's first and second causes of

10   action is *at least* **\$12,054,487.50** (*i.e.*, (102[7] / 4 = 25.5 weeks with a meal period violation

11   + 25.5 weeks with a rest period violation = 51 weeks (x) 11,250 members in one-quarter

12   of the putative class (x) average hourly rate of \$21.01 per hour[8]).

13       **2.**    **Third Cause of Action (Failure to Pay Hourly Wages)**

14        Plaintiff alleges, among other things, that he and putative class members were not

15   paid for 20-30 minutes of work time "approximately once a week" due to "log in errors or

16   computer crashes" and allegedly unpaid time spent waiting for the computer system to be

17   fixed.  Exhibit A, ¶¶ 19-21, 24.

18

19   [6] The California Supreme Court has held that the "additional hour of pay" for failure to

20   provide meal and/or rest breaks under Labor Code Section 226.7 constitutes wages, rather
     than a penalty.  *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1049, 1114 (2007).

21   Moreover, "any business act or practice that violates the Labor Code through failure to

22   pay wages is, by definition (§ 17200), an unfair business practice," and thus subject to the
     UCL's four-year statute of limitations.  *Cortez v. Purolator Air Filtration Products Co.*,

23   23 Cal. 4th 163, 178-79 (2000).

24   [7] As demonstrated, Wells Fargo does *not* assume that every non-exempt team member
     worked throughout the entire four-year class period.  Rather, a review of Wells Fargo's

25   records indicates that non-exempt employees in California worked, on average, 102 weeks
     in a relevant position over this four-year period.

26
     [8] Plaintiff does not state his hourly wage in the Complaint.  A review of Wells Fargo's

27   records indicates that the average hourly rate for non-exempt team members in the
     putative class was \$21.01.

28

1  Addressing just this allegation, and assuming 20 minutes of unpaid time once a

2  week (Plaintiff will undoubtedly claim more), and again assuming this affected only one-

3  quarter of the putative class, this single claim more than satisfies CAFA's amount-in-

4  controversy requirement:

5  - 20 minutes (0.33 hours) of allegedly unpaid time per week;

6  - An average of 102 weeks worked per non-exempt team member in a

7    relevant position during the four years prior to the filing of Plaintiff's

8    Complaint;

9  - At least 11,250 members in one-quarter of the putative class; and

10  - An average hourly rate of $21.01/hour.

11  Using these foundational assumptions, the amount of alleged unpaid wages "in

12  controversy" is *at least* **$7,955,961.75**.[9]  An amount is "in controversy" if Plaintiff alleges

13  it and Wells Fargo is forced to defend it. *See, e.g.*, *Kroske*, 432 F.3d at 980; *Rea*, 742 F.3d

14  at 1237 ("the general rule is that 'the amount in controversy is determined from the

15  pleadings as they exist at the time a petition for removal is filed").

16  ### 3. <u>Sixth Cause of Action (Waiting Time Penalties)</u>

17  Under his sixth cause of action, Plaintiff alleges that Wells Fargo willfully failed to

18  pay him and the putative class members all wages due at the time of discharge, and seeks

19  "waiting time penalties" pursuant to California Labor Code sections 201-203 on behalf of

20  non-exempt team members no longer employed by Wells Fargo. *See* Exhibit A, ¶¶ 119-

21  129. Specifically, he alleges that he received his final paycheck approximately one week

22  late. *See id.* at ¶ 44.

23  Under California Labor Code section 203, an employee can recover a "waiting

24  time" penalty of up to the equivalent of thirty (30) days of pay. *See* Cal. Labor Code §

25  203; *see also Mamika v. Barca*, 68 Cal. App. 4th 487, 494 (Cal. Ct. App. 1998) ("Under

---

27  [9] Plaintiff also seeks attorneys' fees pursuant to Labor Code section 1194, which would

28  push the amount in controversy higher. *See* Exhibit A, ¶ 47.

453940

1  section 203, an employee's rate of pay must be calculated as a daily figure, which can then

2  be multiplied by the number of days of nonpayment for a maximum of 30 days.").

3  Furthermore, "[s]uit may be filed for these penalties at any time before the expiration of

4  the statute of limitations on an action for the wages from which the penalties arise." Cal.

5  Labor Code § 203.[10]

6   At least 16,000 putative class members have left Wells Fargo's employ in the

7  three-year period preceding the filing of this suit. Assuming, based on Plaintiff's

8  allegation, that putative class members received their final check one week (or seven days)

9  late, the amount of waiting time penalties that Plaintiff seeks on behalf of just *one* former

10  non-exempt team member is $1,176.56 (average hourly rate of $21.01 per hour (x) 8 hours

11  per day = daily wage rate of $168.08 (x) 7 days = $1,176.56). Assuming that just one-

12  tenth of the 16,000 putative class members whose employment terminated during the

13  relevant time period received their final check seven days late, the aggregate amount of

14  penalties Plaintiff seeks in connection with his sixth cause of action *alone* is *at least*

15  **$1,882,496** (*i.e.*, $1,176.56 per former non-exempt California team member (x) 1,600

16  (one-tenth of the non-exempt team members who left Wells Fargo's employ within the

17  three-year statutory period)).

18     **4.** **Summary re: Amount in Controversy**

19   As illustrated above, using conservative assumptions, the amount in controversy for

20  Plaintiff's first, second, third, and sixth causes of action alone is *at least* **$21,892,945.20**

21  [$12,054,487.50 (alleged meal and rest period violations) + $7,955,961.75 (wages

22

---

23  [10] Unlike the claims for failure to provide meal and rest periods and failure to pay wages
24  discussed above, Plaintiff's waiting time penalty claim is subject to a *three-year* statute of
    limitations, notwithstanding his UCL claim. *See Montecino v. Spherion Corp.*, 427 F.
25  Supp. 2d 965, 967-68 (C.D. Cal. 2006) (finding that "it is clear that payments made under
26  § 203 are penalties, rather than wages," and holding that three-year statute of limitations
    applies, notwithstanding UCL claim); *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389,
27  1402 (2010) ("We thus hold section 203 penalties cannot be recovered as restitution under
    the UCL").
28

453940

NOTICE OF REMOVAL

1    allegedly owed) + $1,882,496 (alleged waiting time penalties)].  This is significantly more

2    than the jurisdictional minimum of $5,000,000 set forth in 28 U.S.C. section 1332(d)(2).

3         This amount in controversy does not even include amounts relating to Plaintiff's

4    fourth and fifth causes of action (alleged failure to reimburse business expenses and

5    alleged failure to provide accurate wage statements, respectively), for which Plaintiff

6    seeks to recover additional damages and penalties.  Nor does it include attorneys' fees

7    sought by Plaintiff in connection with the alleged Labor Code violations.  *See* Exhibit A,

8    pp. 23-24, Prayer for Relief; *see also, e.g., Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d

9    994, 1000 (9th Cir. 2007) ("[W]here the underlying statute authorizes an award of

10   attorneys' fees, either with mandatory or discretionary language, such fees may be

11   included in the amount in controversy."), *overruled on other grounds as recognized by*

12   *Rodriguez v. AT & T Mobility Serv. LLC*, 728 F.3d 975, 976-77 (9th Cir. 2013).

13        Therefore, given the foregoing, this Court has original jurisdiction over this action

14   pursuant to 28 U.S.C. section 1332(d)(2), and removal is proper under 28 U.S.C. section

15   1441.

16   **III.**    **PROCESS, PLEADINGS AND ORDERS**

17        The following exhibits are attached to this Notice of Removal:

18        • Attached as Exhibit A are true and correct copies of the Complaint and Civil

19             Case Cover Sheet, filed with the Superior Court of the State of California,

20             County of Los Angeles on December 2, 2019.

21        • Attached hereto as Exhibit B is a true and correct copy of the Summons,

22             filed with the Superior Court of the State of California, County of Los

23             Angeles on December 2, 2019.

24        • Attached hereto as Exhibit C is a true and correct copy of Corporation

25             Service Company's Notice of Service of Process, showing that Wells Fargo

26             was personally served on December 10, 2019.

27

28

453940

- Attached hereto as <u>Exhibit D</u> is a true and correct copy of the Articles of Association for Wells Fargo Bank, National Association, as issued by the Office of the Comptroller of the Currency, Administrator of National Banks.
- Attached hereto as <u>Exhibit E</u> is a copy of Wells Fargo's Answer to Plaintiff's Class Action Complaint, which was served and filed with the Superior Court of the State of California in and for the County of Los Angeles, on January 8, 2020, prior to the removal of this action.
- Attached hereto as <u>Exhibit F</u> is a copy of the Notice of Case Assignment filed by the Court on December 2, 2019.
- Attached hereto as <u>Exhibit G</u> is a true and correct copy of the Court Order re Newly Assigned Case and Initial Status Conference Order filed by the Court on December 20, 2019.

Wells Fargo is informed and believes that Exhibits A, B, E, F, and G constitute all process, pleadings and orders filed and received by Wells Fargo in this action.

On this or the next business day, notice of this removal is being given to Plaintiff and to the Clerk of the Los Angeles Superior Court. Copies of these notices are attached hereto as <u>Exhibits H and I</u> respectively.

The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Superior Court filing is accomplished and the document is served.

DATED: January 8, 2020   KADING BRIGGS LLP
             THERESA A. KADING


By: <u>/s/ Theresa A. Kading</u>
     THERESA A. KADING

Attorneys for Defendant
WELLS FARGO BANK, N.A.

453940

EXHIBIT "A"

# EXHIBIT "A"



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 02 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By_____, Deputy
Steven Drew

1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
     thomas@setarehlaw.com
3  Farrah Grant (SBN
     farrah@setarehlaw.com
4  SETAREH LAW GROUP
   315 South Beverly Drive, Suite 315
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   CAUDLEY SIMON, JR.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF LOS ANGELES

11

12  CAUDLEY SIMON, on behalf of himself, all      Case No. **19STCV42777**
    others similarly situated,
13                                                **CLASS ACTION**
                    *Plaintiff*,
14                                                **COMPLAINT**
         vs.
15                                                1.  Failure to Provide Meal Periods (Lab. Code
    WELLS FARGO BANK, NATIONAL                        §§ 204, 223, 226.7, 512 and 1198);
16  ASSOCIATION, a National Banking               2.  Failure to Provide Rest Periods (Lab. Code
    Association; and DOES 1 through 100,              §§ 204, 223, 226.7 and 1198);
17  inclusively                                   3.  Failure to Pay Hourly Wages (Lab. Code §§
    *Defendants*.                                     223, 510, 1194, 1194.2, 1197, 1997.1 and
18                                                    1198);
                                                  4.  Failure to Indemnify (Lab. Code § 2802);
19                                                5.  Failure to Provide Accurate Written Wage
                                                     Statements (Lab. Code §§ 226(a));
20                                                6.  Failure to Timely Pay All Final Wages
                                                     (Lab. Code §§ 201, 202 and 203);
21                                                7.  Unfair Competition (Bus. & Prof. Code §§
                                                     17200 *et seq.*);
22

23                                                **JURY TRIAL DEMANDED**

24

25

26

27

28

─────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

1  COMES NOW, Plaintiff CAUDLEY SIMON, JR. ("Plaintiff"), on behalf of himself, all

2  others similarly situated, complains and alleges as follows:

3  ## INTRODUCTION

4  1.  Plaintiff brings this class action against Defendant WELLS FARGO BANK,

5  NATIONAL ASSOCIATION, a National Banking Association; and DOES 1 through 100,

6  inclusively, a (collectively referred to as "Defendants") for alleged violations of the Labor Code

7  and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have:

8  (1)  failed to provide him and all other similarly situated individuals with meal

9  periods;

10  (2)  failed to provide them with rest periods;

11  (3)  failed to pay them premium wages for missed meal and/or rest periods;

12  (4)  failed to pay them premium wages for missed meal and/or rest periods at the

13  regular rate of pay;

14  (5)  failed to pay them at least minimum wage for all hours worked;

15  (6)  failed to pay them overtime wages at the correct rate;

16  (7)  failed to reimburse them for all necessary business expenses;

17  (8)  failed to provide them with accurate written wage statements; and

18  (9)  failed to timely pay them all of their final wages following separation of

19  employment.

20  Based on these alleged Labor Code violations, Plaintiff now brings this class action to

21  recover unpaid wages, restitution and related relief on behalf of himself, all others similarly

22  situated.

23  ## JURISDICTON AND VENUE

24  2.  This Court has subject matter jurisdiction to hear this case because the monetary

25  damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal

26  jurisdiction of the Superior Court of the State of California.

27  3.  Venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure

28  sections 395(a) and 395.5 in that liability arose in this county because at least some of the

1

1   transactions that are the subject matter of this Complaint occurred therein and/or each defendant is

2   found, maintains offices, transacts business and/or has an agent therein.

3                                              **PARTIES**

4        4.     Plaintiff CAUDLEY SIMON is, and at all relevant times mentioned herein, an

5   individual residing in the State of California.

6        5.     Plaintiff is informed and believes, and thereupon alleges that Defendant WELLS

7   FARGO BANK, NATIONAL ASSOCIATION is, and at all relevant times mentioned herein, a

8   national banking association doing business in the State of California.

9        6.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

10  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

11  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

12  when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

13  fictitiously named defendants are responsible in some manner for the occurrences, acts and

14  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

15  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

16  capacities of the DOE defendants when ascertained.

17       7.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

18  mentioned herein, some or all of the defendants were the representatives, agents, employees,

19  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

20  other defendants, and in doing the things alleged herein, were acting within the course and scope of

21  such relationship and with the full knowledge, consent and ratification by such other defendants.

22       8.     Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

23  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

24  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

25  acts and omissions alleged herein.

26                                      **CLASS ALLEGATIONS**

27       9.     This action has been brought and may be maintained as a class action pursuant to

28  Code of Civil Procedure section 382 because there is a well-defined community of interest among

1    the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

2    unaware of any difficulties likely to be encountered in managing this case as a class action.

3        10.   **Relevant Time Period**: The relevant time period is defined as the time period

4    beginning four years prior to the filing of this action until judgment is entered.

5        **Hourly Employee Class**: All persons employed by Defendants and/or any staffing agencies
         and/or any other third parties in hourly or non-exempt positions in California during the
6        **Relevant Time Period**.

7            **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked in a
             shift in excess of five hours during the **Relevant Time Period**.
8
             **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked a shift
9            of at least three and one-half (3.5) hours during the **Relevant Time Period**.

10           **Wage Statement Penalties Sub-Class**: All **Hourly Employee Class** members
             employed by Defendants in California during the period beginning one year before
11           the filing of this action and ending when final judgment is entered.

12           **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members who
             separated from their employment with Defendants during the period beginning three
13           years before the filing of this action and ending when final judgment is entered.

14       **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California
         during the **Relevant Time Period**.
15
         **Expense Reimbursement Class**: All persons employed by Defendants in California who
16       incurred business expenses during the **Relevant Time Period**.

17
         11.   **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff reserves the
18
     right to amend or modify the class definitions with greater specificity, by further division into sub-
19
     classes and/or by limitation to particular issues.
20
         12.   **Numerosity**: The class members are so numerous that the individual joinder of each
21
     individual class member is impractical. While Plaintiff does not currently know the exact number
22
     of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number
23
     exceeds the minimum required for numerosity under California law.
24
         13.   **Commonality and Predominance**: Common questions of law and fact exist as to
25
     all class members and predominate over any questions which affect only individual class members.
26
     These common questions include, but are not limited to:
27
             A.    Whether Defendants maintained a policy or practice of failing to provide
28

1   employees with their meal periods;

2   B.   Whether Defendants maintained a policy or practice of failing to provide

3        employees with their rest periods;

4   C.   Whether Defendants failed to pay premium wages to class members when

5        they have not been provided with required meal and/or rest periods;

6   D.   Whether Defendants failed to pay minimum and/or overtime wages to class

7        members as a result of policies that fail to provide meal periods in accordance

8        with California law;

9   E.   Whether Defendants failed to pay minimum and/or overtime wages to class

10       members for all time worked;

11  F.   Whether Defendants used payroll formulas that systematically fail to account

12       for non-discretionary bonuses and/or other applicable remuneration when

13       calculating regular rates of pay for class members;

14  G.   Whether Defendants failed to pay overtime wages to class members as a

15       result of incorrectly calculating their regular rates of pay;

16  H.   Whether Defendants failed to pay premium wages to class members based on

17       their respective "regular rates of compensation" by not including

18       commissions and/or other applicable remuneration in calculating the rates at

19       which those wages are paid;

20  I.   Whether Defendants failed to reimburse class members for all necessary

21       business expenses incurred during the discharge of their duties;

22  J.   Whether Defendants failed to provide class members with accurate written

23       wage statements as a result of providing them with written wage statements

24       with inaccurate entries for, among other things, amounts of gross and net

25       wages, and total hours worked;

26  K.   Whether Defendants used pay cards to pay class members;

27  L.   Whether class members incurred fees in cashing pay cards;

28  M.   Whether class members have been able to redeem pay cards for their full cash

4

1           value;

2       N.    Whether Defendants applied policies or practices that result in late and/or

3              incomplete final wage payments;

4       O.    Whether Defendants are liable to class members for waiting time penalties

5              under Labor Code section 203;

6       P.    Whether class members are entitled to restitution of money or property that

7              Defendants may have acquired from them through unfair competition;

8     14.   **Typicality:** Plaintiff's claims are typical of the other class members' claims.

9 Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of

10 failing to comply with the Labor Code and Business and Professions Code as alleged in this

11 Complaint.

12     15.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

13 that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class

14 members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly

15 and adequately represent and protect the interests of the other class members.

16     16.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

17 they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

18 wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

19 behalf of Plaintiff and absent class members.

20     17.   **Superiority:** A class action is vastly superior to other available means for fair and

21 efficient adjudication of the class members' claims and would be beneficial to the parties and the

22 Court. Class action treatment will allow a number of similarly situated persons to simultaneously

23 and efficiently prosecute their common claims in a single forum without the unnecessary

24 duplication of effort and expense that numerous individual actions would entail. In addition, the

25 monetary amounts due to many individual class members are likely to be relatively small and would

26 thus make I difficult, if not impossible, for individual class members to both seek and obtain relief.

27 Moreover, a class action will serve an important public interest by permitting class members to

28 effectively pursue the recovery of monies owed to them. Further, a class action will prevent the

1  potential for inconsistent or contradictory judgments inherent in individual litigation.

2  **GENERAL ALLEGATIONS**

3      18.    Plaintiff worked for Defendants as a non-exempt, hourly employee from

4  approximately November 20, 2014 through on or about November 24, 2018.

5  **Clock In Process**

6      19.    Plaintiff and putative class was trained to clock in for each work shift using a

7  desktop computer. Plaintiff and the putative class were required to first turn on their computer and

8  wait for it to load. After Plaintiff and the putative class entered their username and password, their

9  computer would proceed to load to the desktop while other programs were started in the background

10  automatically as part of the normal boot up process.

11      20.    Approximately once a week, Plaintiff and the putative class would encounter login

12  errors or computer crashes that would require them to wait 20-30 minutes to clock in. The entire

13  time spent waiting for the computer system to be fixed would not be accurately recorded and

14  therefore resulted in Plaintiff and the putative class not being paid for all hours worked.

15      21.    Accordingly, by the time Plaintiff and the putative class clocked in, twenty to thirty

16  minutes or more may have already passed – all of which were not properly recorded as time worked

17  and which resulted in Plaintiff and the putative class not being paid for all hours worked by

18  Defendants.

19  **Off-the-Clock Work**

20      22.    Plaintiff and the putative class were not paid all wages earned as Defendants

21  directed, permitted or otherwise encouraged Plaintiff and the putative class to perform off-the-clock

22  work.

23      23.    On a weekly basis, Plaintiff and the putative class were required to meet with their

24  supervisor to go over their timesheets. During these meetings, Plaintiff and the putative class were

25  instructed by their supervisors to alter their timesheets to reflect meal periods that they did not

26  receive and/or shave-off time to limit overtime wages owed. On occasions, supervisors would

27  themselves unilaterally alter Plaintiff's and the putative class' timesheets to reflect meal periods that

28  they did not receive and/or shave-off time to limit overtime wages owed. Plaintiff and the putative

1   class regularly performed work after their scheduled work hours and were not paid for this time.

2   Plaintiff and the putative class were instructed to perform certain duties such as clean the tables,

3   take out the trash, and other related duties after they had already clocked out and were not paid for

4   the time spent performing these additional duties.

5          24.    Additionally, Plaintiff and the putative class were required to work off-the-clock

6   when the computer system crashed and they were unable to log-in. Approximately once a week,

7   Plaintiff and the putative class would encounter login errors or computer crashes that would require

8   them to wait 20-30 minutes to clock in.  The entire time spent waiting for the computer system to be

9   fixed would not be accurately recorded and therefore resulted in Plaintiff and the putative class not

10  being paid for all hours worked.

11         25.    As a result of performing off-the-clock work that was directed, permitted or

12  otherwise encouraged by Defendants, Plaintiff and the putative class should have been paid for this

13  time.  Instead, Defendants only paid Plaintiff and the putative class based on the time they were

14  clocked in for their shifts and did not pay Plaintiff and the putative class for any of the time spent

15  working off-the-clock.

16         26.    Defendants knew or should have known that Plaintiff and the putative class were

17  performing work during meal breaks and/or before clocking-in and failed to pay Plaintiff and the

18  putative class for these hours.

19         27.    Defendants were aware of this practice and directed, permitted or otherwise

20  encouraged Plaintiff and the putative class to perform off-the-clock work.

21         28.    As a result of Defendants' policies and practices, Plaintiff and the putative class were

22  not paid for all hours worked.

23                                **Missed Meal Periods**

24         29.    Plaintiff and the putative class members were not provided with meal periods of at

25  least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not

26  scheduling each meal period as part of each work shift; (2) chronically understaffing each work

27  shift with not enough workers; (3) imposing so much work on each employee such that it made it

28  unlikely that an employee would be able to take their breaks if they wanted to finish their work on

1   time; and (4) no formal written meal and rest period policy that encouraged employees to take their

2   meal and rest periods.

3        30.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

4   provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours

5   worked because they were required to clock-in form their meal periods when a customer came in

6   and there was not enough staff to assist the customer.

7                                **Missed Rest Periods**

8        31.    Plaintiff and the putative class members were not provided with rest periods of at

9   least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

10  Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically

11  understaffing each work shift with not enough workers; (3) imposing so much work on each

12  employee such that it made it unlikely that an employee would be able to take their breaks if they

13  wanted to finish their work on time; and (4) no formal written meal and rest period policy that

14  encouraged employees to take their meal and rest periods.

15       32.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

16  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

17  due to complying with Defendants' productivity requirements that required Plaintiff and the

18  putative class to work through their rest periods in order to complete their assignments on time.

19                              **Expense Reimbursement**

20       33.    Plaintiff and the putative class members were required to utilize their own personal

21  cell phones and vehicles to help perform their job duties.

22       34.    Plaintiff and the putative class members were not reimbursed for business expenses

23  incurred in using their own cellphone or vehicle..

24       35.    Additionally, Plaintiff and the putative class were also required to purchase and

25  maintain their uniforms, including having their uniforms dry cleaned.

26       36.    Plaintiff and the putative class members were not paid at least two times the

27  minimum wage for all hours worked.

28       37.    Defendants failed to reimburse Plaintiff and the putative class for such necessary

1 | business expenses incurred by them.

2 | **Wage Statements**

3 | 38. Plaintiff and the putative class were not provided with accurate wage statements as

4 | mandated by law pursuant to Labor Code section 226.

5 | 39. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

6 | earned" were not accurately reflected in that: (1) all hours worked, including overtime, were not

7 | included

8 | 40. Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

9 | worked by the employee" were not accurately reflected in that: (1) all hours worked, including

10 | overtime, were not included and  (2) their meal and rest break premiums were not properly

11 | provided.

12 | 41. Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

13 | earned" were not accurately reflected in that: (1) all hours worked, including overtime, were not

14 | included; (2) their meal and rest break premiums were not properly provided.

15 | 42. Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

16 | hourly rates in effect during the pay period and the corresponding number of hours worked at each

17 | hourly rate by the employee" were not accurately reflected in that: all hours worked, including

18 | overtime, were not included.

19 | **Late Pay**

20 | 43. At all relevant times, pursuant to Labor Code section 201, employees who have been

21 | discharged have been entitled to payment of all final wages immediately upon termination.

22 | 44. At all relevant times, pursuant to Labor Code section 202, employees who have

23 | resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

24 | payment of all final wages at the time of resignation.

25 | During the relevant time period, Defendants' had a policy and practice of failing to provide Plaintiff

26 | and other putative class members with their final paycheck at the time of termination and/or 72

27 | hours after resignation. Although, Plaintiff was terminated on or about November 24, 2018, he did

28 | not receive his final paycheck until approximately a week later via direct deposit.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

**(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

45.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

46.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

47.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

48.     Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

49.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code section 200.

50.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

51.     Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that

1          the employee may, in writing, revoke the agreement at any time."

2          52.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

3    agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

4    members were not subject to valid on-duty meal period agreements with Defendants.

5          53.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

6    Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

7    **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

8    each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

9    Order.

10         54.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

11   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

12   **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

13   failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

14         55.    Moreover, Defendants written policies do not provide that employees must take their

15   first meal period before the end of the fifth hour of work, that they are entitled to a second meal

16   period if they work a shift of over ten hours, or that the second meal period must commence before

17   the end of the tenth hour of work, unless waived.

18         56.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

19   **Class** members additional premium wages, and/or were not paid premium wages at the employees'

20   regular rates of pay when required meal periods were not provided.

21         57.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

22   and the **Meal Period Sub-Class** members who were not provided with a compliant meal period and

23   not paid premium wages, and; therefore, seek to recover unpaid premium wages, interest thereon,

24   and costs of suit.

25         58.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

26   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

27   the **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

28   ///

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**(Lab. Code §§ 204, 223, 226.7 and 1198)**

**(Plaintiff and Rest Period Sub-Class)**

59.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

60.     At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

61.     Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

62.     Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

63.     Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

64.     Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

65.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

66.     At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

67.     Specifically, Defendants written policies do not provide that employees may take a

1  rest period for each four hours worked, or major fraction thereof, and that rest periods should be

2  taken in the middle of each work period insofar as practicable.

3        68.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of himself

4  and **Rest Period Sub-Class** members who were not provided with a complaint rest period and were

5  not paid premium wages, and; therefore, seek to recover unpaid premium wages, interest thereon,

6  and costs of suit.

7        69.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

8  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

9  **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

10  <u>**THIRD CAUSE OF ACTION**</u>

11  **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

12  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

13  **(Plaintiff and Hourly Employee Class)**

14        70.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

15  herein.

16        71.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

17  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

18  applicable Wage Order.

19        72.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

20  which an employee is subject to the control of the employer, and includes all the time the employee

21  is suffered or permitted to work, whether or not required to do so."

22        73.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

23  employees at least the minimum wage set forth therein for all hours worked, which consist of all

24  hours that an employer has actual or constructive knowledge that employees are working.

25        74.    Labor Code section 1194 invalidates any agreement between an employer and an

26  employee to work for less than the minimum or overtime wage required under the applicable Wage

27  Order.

28        75.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

1    damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

2    addition to the underlying unpaid minimum wages and interest thereon.

3        76.     Labor Code section 1197 makes it unlawful for an employer to pay an employee less

4    than the minimum wage required under the applicable Wage Order for all hours worked during a

5    payroll period.

6        77.     Labor Code section 1197.1 provides that it is unlawful for any employer or any other

7    person acting either individually or as an officer, agent or employee of another person, to pay an

8    employee, or cause an employee to be paid, less than the applicable minimum wage.

9        78.     Labor Code section 1198 makes it unlawful for employers to employ employees

10    under conditions that violate the applicable Wage Order.

11        79.     Labor Code section 204 requires employers to pay non-exempt employees their

12    earned wages for the normal work period at least twice during each calendar month on days the

13    employer designates in advance and to pay non-exempt employees their earned wages for labor

14    performed in excess of the normal work period by no later than the next regular payday.

15        80.     Labor Code section 223 makes it unlawful for employers to pay their employees

16    lower wages than required by contract or statute while purporting to pay them legal wages.

17        81.     Labor Code section 510 and Section 3 of the applicable Wage Order require

18    employees to pay non-exempt employees overtime wages of no less than one and one-half times

19    their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

20    hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

21    the seventh consecutive day of one workweek.

22        82.     Labor Code section 510 and Section 3 of the applicable Wage Order also require

23    employers to pay non-exempt employees overtime wages of no less than two times their respective

24    regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

25    worked in excess of eight hours on a seventh consecutive workday during the workweek.

26        83.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied

27    centrally devised policies and practices to him and **Hourly Employee Class** members with respect

28    to working conditions and compensation arrangements.

84.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

85.

86.     Section 9 of the applicable Wage Order states:

87.     "When uniforms are required by the employer to be worn by the employee as a condition of employment, such uniforms shall be provided and maintained by the employer. The term 'uniform' includes wearing apparel and accessories of distinctive design or color."

88.

89.

90.     If the employer does not choose to maintain employees' uniforms itself where it is required to do so, the Division of Labor Standards Enforcement ("DLSE") takes the position that the employer may pay each affected employee a weekly maintenance allowance of an hour's pay at the state minimum wage rate in lieu of maintaining the uniforms, assuming that an hour is a realistic estimate of the time involved in maintaining the uniform.

91.     At all relevant times during the applicable limitations period, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate Plaintiff with minimum and/or overtime wages for all hours she worked as a result of its failure to maintain employee uniforms and/or pay her a weekly maintenance allowance.

92.     Plaintiff is informed and believes that, at all relevant times, and in violation of the above-referenced sections of the Labor Code and the applicable Wage Order, Defendants failed to compensate **Hourly Employee Class** members with minimum and/or overtime wages for all hours they worked as a result of its failures to maintain employee uniforms and/or pay them a weekly maintenance allowance.

93.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

94.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount, subject to proof, to the extent they were not paid the

1  full amount of wages earned during each pay period during the applicable limitations period,

2  including overtime wages.

3       95.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

4  behalf of himself and **Hourly Employee Class** members, seek to recover unpaid straight time and

5  overtime wages, interest thereon and costs of suit.

6       96.

7       97.    Plaintiff, on behalf of himself and **Hourly Employee Class** members, who were not

8  paid all hourly wages, seek to recover unpaid wages, interest thereon, and costs of suit.

9       98.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

10  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and

11  **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

12  

**FOURTH CAUSE OF ACTION**

13  **FAILURE TO INDEMNIFY**

14  **(Lab. Code §§ 2802, 223)**

15  **(Plaintiff and Expense Reimbursement Class)**

16       99.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

17  herein.

18       100.    Labor Code section 2802(a) states:

19          "An employer shall indemnify his or her employee for all necessary expenditures or

20  losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though

21  unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

22       101.    At all relevant times during the applicable limitations period, Plaintiff and the

23  **Expense Reimbursement Class** members incurred necessary business- related expenses and costs,

24  including but not limited to, use of their personal cell phones, personal vehicles, and maintenance of

25  their uniforms.

26       102.    Plaintiff is informed and believes, and thereupon alleges that the reimbursement paid

27  by Defendants was insufficient to indemnify Plaintiff and **Expense Reimbursement Class**

28  members who were not fully reimbursed for all necessary business expenses incurred in the

16

CLASS ACTION COMPLAINT

1  discharge of their duties.

2       103.   Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

3  by Defendants was insufficient to indemnify **Expense Reimbursement Class** members who were

4  not reimbursed for all necessary business expenses incurred in the discharge of their duties.

5       104.   Pursuant to Labor Code section 452, an employer is authorized to prescribe the

6  weight, color, quality, texture, style, form and make of uniforms required to be worn by their

7  employees.

8       105.   Section 9 of the applicable Wage Order states:

9       106.   "When uniforms are required by the employer to be worn by the employee as a
condition of employment, such uniforms shall be provided and maintained by the employer.  The

10  term 'uniform' includes wearing apparel and accessories of distinctive design or color."

      107.

11

12      108.   At all relevant times during the applicable limitations period, Defendants required

  Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused

13

  by Defendants' want of ordinary care.  Defendants failed to indemnify Plaintiff and **Expense**

14

  **Reimbursement Class** members for all such expenditures.

15

16      109.   At all relevant times during the applicable limitations period, Defendants required

  Plaintiff and **Expense Reimbursement Class** members to purchase and maintain uniforms and

17

  apparel unique to Defendants at their expense.  Defendants failed to indemnify Plaintiff and

18

  **Expense Reimbursement Class** members for all such expenditures.

19

20      110.   Plaintiff is informed and believes that, during the applicable limitations period,

  Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

21

  **Reimbursement Class** members who were not fully reimbursed for all necessary business

22

  expenses.

23

24      111.   Accordingly, Plaintiff and **Expense Reimbursement Class** members who were not

  fully reimbursed for all business expenses are entitled to restitution for all unpaid amounts due and

25

  owing to within four years of the date of the filing of the Complaint and until the date of entry of

26

  judgment.

27

28      112.   Plaintiff, on behalf of himself, and **Expense Reimbursement Class** members who

1    were not fully reimbursed for all business expenses, seek interest thereon and costs pursuant to

2    Labor Code section 218.6, and reasonable attorneys' fees pursuant to Code of Civil Procedure

3    section 1021.5.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

**(Lab. Code § 226)**

**(Plaintiff and Wage Statement Penalties Sub-Class)**

8        113.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

9    herein.

10        114.    Labor Code section 226(a) states:

> "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

24        115.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize

25    the "detachable part of the check" provision and the "accurate itemized statement in writing"

26    provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each

27    employee retains the right to elect to receive a written paper stub or record and that those who are

28    provided with electronic wage statements retain the ability to easily access the information and

1  convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion
2  Letter July 6, 2006).

3       116.   Plaintiff is informed and believes that, at all relevant times during the applicable
4  limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**
5  members with written wage statements as described above.

6       117.   Plaintiff is informed and believes that Defendants' failure to provide him and **Wage**
7  **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in
8  that Defendants have the ability to provide them with accurate wage statements but have
9  intentionally provided them with written wage statements that Defendants have known do not
10  comply with Labor Code section 226(a).

11       118.   Plaintiff and Wage **Statement Penalties Sub-Class** members have suffered injuries,
12  in that Defendants have violated their legal rights to receive accurate wage statements and have
13  misled them about their actual rates of pay and wages earned.  In addition, inaccurate information
14  on their wage statements have prevented immediate challenges to Defendants' unlawful pay
15  practices, has required discovery and mathematical computations to determine the amount of wages
16  owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or
17  has led to the submission of inaccurate information about wages and deductions to federal and state
18  government agencies.

19  Pursuant to Labor Code section 226(e), Plaintiff, on behalf of himself and **Wage Statement**
20  **Penalties Sub-Class** members who were not provided a compliant accurate written wage statement,
21  seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor
22  Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of
23  Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class
24  member, as well as awards of reasonable attorneys' fees and costs.

25  ### SIXTH CAUSE OF ACTION

26  ### FAILURE TO TIMELY PAY ALL FINAL WAGES

27  **(Lab. Code §§ 201-203)**

28  **(Plaintiff and Waiting Time Penalties Sub-Class)**

119.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

120.   At all relevant times, Plaintiff and certain **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

121.   At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

122.   At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

123.   At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

124.   During the applicable limitations period, Defendants failed to pay Plaintiff all of his final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

125.   Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay certain **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

126.   Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying certain **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

127.   Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and certain **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

128.   Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and

certain **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

129.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and certain **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

<u>**SEVENTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq.*)**

**(Plaintiff and UCL Class)**

130.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

131.   Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

132.   Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

133.   California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

134.   Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH causes of action herein.

135.   Plaintiff lost money or property as a result of the aforementioned unfair competition.

136.   Defendants have or may have acquired money by means of unfair competition.

137.   Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802, which make it a misdemeanor to commit the

21

1   Labor Code violations alleged herein.

2        138.    Defendants have committed criminal conduct through their policies and practices of,

3   *inter alia,* failing to comport with their affirmative obligations as an employer to provide non-

4   exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each

5   work period of five or more hours, failing to provide non-exempt employees with uninterrupted,

6   duty-free rest periods of at least ten minutes for each work period of four hours, by failing to pay

7   non-exempt employees for all hours worked, by failing to reimburse them for all expenses, and all

8   other allegations contained herein.

9        139.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

10   employees and entitled to the full protections of both the Labor Code and the applicable Wage

11   Order.

12        140.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

13   constitutes unfair competition within the meaning of Business and Professions Code section 17200

14   *et seq.* Business and Professions Code sections 17200 *et seq.* protects against unfair competition

15   and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

16   an unfair, unlawful or fraudulent business practice to seek restitution on his own behalf and on

17   behalf of similarly situated persons in a class action proceeding.

18        141.    As a result of Defendants' violations of the Labor Code during the applicable

19   limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

20   of earned wages.  Specifically, Plaintiff has lost money or property as a result of Defendants'

21   conduct.

22        142.    Plaintiff is informed and believes that other similarly situated persons have been

23   subject to the same unlawful policies or practices of Defendants.

24        143.    Due to the unfair and unlawful business practices in violation of the Labor Code,

25   Defendants have gained a competitive advantage over other comparable companies doing business

26   in the State of California that comply with their legal obligations.

27        144.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

28   for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

1  violates or is considered unlawful under any other state or federal law.

2      145.   Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

3  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

4  Defendants, and each of them, and their agents and employees, from further violations of the Labor

5  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

6  an order permanently enjoining Defendants, and each of them, and their respective agents and

7  employees, from further violations of the Labor Code and applicable Industrial Welfare

8  Commission Wage Orders.

9      146.   Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

10  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

11  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

12  and unfair business practices.

13      147.   Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

14  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

15  reasonable attorneys' fees in connection with their unfair competition claims.

16                                                 **PRAYER FOR RELIEF**

17      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

18  public, prays for relief and judgment against Defendants as follows:

19          (1)   An order that the action be certified as a class action;

20          (2)   An order that Plaintiff be appointed class representative;

21          (3)   An order that counsel for Plaintiff be appointed class counsel;

22          (4)   Unpaid wages;

23          (5)   Actual damages;

24          (6)   Liquidated damages;

25          (7)   Restitution;

26          (8)   Declaratory relief;

27          (9)   Pre-judgment interest;

28          (10)   Statutory penalties;

1        (11)    Costs of suit;

2        (12)    Reasonable attorneys' fees; and

3        **(13)**    Such other relief as the Court deems just and proper.

4                   **<u>DEMAND FOR JURY TRIAL</u>**

5        Plaintiff, on behalf of himself, all other similarly situated, hereby demands a jury trial on all

6 issues so triable.

7

8 Dated:  November 20, 2019              SETAREH LAW GROUP

9

10

11                                                      _____

12                         SHAUN SETAREH
                          THOMAS SEGEL

13                       FARRAH GRANT
                        Attorneys for Plaintiff
                        CAUDLEY SIMON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh (SBN 204514)<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name):* Plaintiff, Caudley Simon | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>DEC 02 2019<br><br>Sherri R. Carter, executive officer/Clerk of Court<br>By _____, Deputy<br>Steven Drew |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Simon v. Wells Fargo Bank, National Association

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 19STCV42777 |
|---|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ✔ Other employment (15) | | |

2. This case ✔ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✔ Large number of separately represented parties
   b. ✔ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ✔ Substantial amount of documentary evidence
   d. ✔ Large number of witnesses
   e. ✔ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ✔ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ✔ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify):* Seven
5. This case ✔ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 20, 2019

Shaun Setareh, Esq.
_____ (TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

| SHORT TITLE: Simon v. Wells Fargo Bank, National Association | CASE NUMBER 19STCV42777 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

Scanned with CamScanner

| SHORT TITLE: Simon v. Wells Fargo Bank, National Association | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Scanned with CamScanner

| SHORT TITLE: Simon v. Wells Fargo Bank, National Association | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8<br>2<br>2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 5, 11<br>2, 6<br>2, 9<br>2, 8<br>2, 8<br>2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8<br>2, 8<br>1, 2, 8<br>1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages<br>☐ A6123  Workplace Harassment With Damages<br>☐ A6124  Elder/Dependent Adult Abuse Case With Damages<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name/Change of Gender<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9<br>2, 3, 9<br>2, 3, 9<br>2<br>2, 7<br>2, 3, 8<br>2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Scanned with CamScanner

| SHORT TITLE: Simon v. Wells Fargo Bank, National Association | CASE NUMBER |
| --- | --- |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>111 North Hill Street |
| --- | --- |
| CITY:<br>Los Angeles | STATE:<br>CA / ZIP CODE:<br>90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Los Angeles District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 22, 2019

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**Scanned with CamScanner**

EXHIBIT "B"

# EXHIBIT "B"

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WELLS FARGO BANK, NATIONAL ASSOCIATION, a National
Banking Association; and DOES 1 through 100, inclusively,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 02 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By _____, Deputy
Steven Drew

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAUDLEY SIMON, on behalf of himself, all others similarly situated

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>19STCV42777 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 315 South Beverly Drive, Suite 315, Beverly Hills, California 90212, (310) 888-7771

| DATE:<br>*(Fecha)* DEC 02 2019 | Sherri R. Carter, Clerk | Clerk, by<br>*(Secretario)* STEVEN DREW | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* National Baking Association — WELLS FARGO BANK, NATIONAL ASSOCIATION, a

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☒☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 12/10/19

| | Page 1 of 1 |
|---|---|

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Date Served: 12/10/19
Time Served: 340
Server: MT
406189

EXHIBIT "C"

EXHIBIT "C"



**CSC**

SKD / ALL
**Transmittal Number: 20817444**
**Date Processed: 12/11/2019**

# Notice of Service of Process

| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
|---|---|

| | |
|---|---|
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| Entity Served: | Wells Fargo Bank, National Association |
| Title of Action: | Caudley Simon vs. Wells Fargo Bank, National Association |
| Matter Name/ID: | Caudley Simon vs. Wells Fargo Bank, National Association (9842041) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Los Angeles County Superior Court, CA |
| Case/Reference No: | 19STCV42777 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 12/10/2019 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Shaun Setareh<br>310-888-7771 |
| Client Requested Information: | Matter Management User Groups: [LITIGATION Employee]<br>Routing Rules (CSC): R0710<br>Classification: Standard |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT "D"

EXHIBIT "D"



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

## CERTIFIED ARTICLES OF ASSOCIATION

I, John Walsh, Acting Comptroller of the Currency, do hereby certify that the document hereto attached is a true and correct copy, as recorded in the Office of the Comptroller of the Currency, of the currently effective Articles of Association for "Wells Fargo Bank, National Association," Sioux Falls, South Dakota (Charter No. 1).



IN TESTIMONY WHEREOF, today, March 27, 2012, I have hereunto subscribed my name and caused my seal of office to be affixed to these presents at the U.S. Department of the Treasury, in the City of Washington, District of Columbia.

John Walsh

Acting Comptroller of the Currency

ARTICLES OF ASSOCIATION
OF
WELLS FARGO BANK, NATIONAL ASSOCIATION

## ARTICLE I - NAME

The title of this Association shall be Wells Fargo Bank, National Association. The Association may also use the abbreviation Wells Fargo Bank, N.A.

## ARTICLE II - OFFICES

1. Main Office. The main office of this Association shall be in the City of Sioux Falls, County of Minnehaha, State of South Dakota. The Board of Directors shall have the power to change the location of the main office to any other place within the limits of the City of Sioux Falls, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

2. Branch Offices. The Board of Directors shall have the power to establish or change the location of any branch or branches of this Association to any other location, without the approval of the shareholders but subject to the approval of the Comptroller of the Currency.

3. Conduct of Business. The general business of the Association shall be conducted at its main office and its branches.

## ARTICLE III - BOARD OF DIRECTORS

1. Number. The Board of Directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full Board of Directors or by resolution of the shareholders at any annual or special meeting thereof.

2. Qualification. Each director, during the full term of his or her directorship, shall own a minimum of $1,000 par value of stock of this Association or an equivalent interest, as determined by the Comptroller of the Currency, in any company which has control over this Association within the meaning of Section 2 of the Bank Holding Company Act of 1956.

3. Vacancy. The Board of Directors, by the vote of a majority of the full Board, may, between annual meetings of shareholders, fill vacancies created by the death, incapacity or resignation of any director and by the vote of a majority of the full Board may also, between annual meetings of shareholders, increase the membership of the Board by not more than four members and by like vote appoint qualified persons to fill the vacancies created thereby; provided, however, that at no time shall there be more than twenty-five directors of this Association; and provided further, however, that not more than two members may be added to the Board of Directors in the event that the total number of directors last elected by shareholders was fifteen or less.

4. Appointment of Officers. The Board of Directors shall appoint one of its members President of this Association, who shall act as Chairman of the Board, unless the Board appoints another director to act as Chairman. In the event the Board of Directors shall appoint a President and a Chairman, the Board shall designate which person shall act as the chief executive officer of this Association. The Board of Directors shall have the power to appoint one or more Vice Presidents and to appoint a Cashier and such other officers and employees as may be required to transact the business of this Association.

5. Powers. The Board of Directors shall have the power to define the duties of the officers and employees of this Association; to fix the salaries to be paid to them; to dismiss them; to require bonds from them and to fix the penalty thereof; to regulate the manner in which the increase of the capital of this Association shall be made; to manage and administer the business and affairs of this Association; to make all Bylaws that it may be lawful for them to make; and generally to do and perform all acts that it may be legal for a Board of Directors to do and perform.

## ARTICLE IV - MEETINGS OF SHAREHOLDERS

1. Annual Meeting. The annual meeting of the shareholders for the election of directors and the transaction of whatever other business may be brought before said meeting shall be held at the main office, or such other place as the Board of Directors may designate, on the day of each year specified therefor in the Bylaws, but if no election is held on that day, it may be held on any subsequent day according to the provisions of law; and all elections shall be held according to such lawful regulations as may be prescribed by the Board of Directors.

2. Special Meetings. The Board of Directors, the Chairman, the President, or any one or more shareholders owning, in the aggregate, not less than 25 percent of the stock of this Association, may call a special meeting of shareholders at any time.

3. Notice of Meetings. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every annual and special meeting of the shareholders shall be given by first-class mail, postage prepaid, mailed at least ten days prior to the date of such meeting to each shareholder of record at his or her address as shown upon the books of this Association.

4. Written Consents. Any action required or permitted to be taken at an annual or special meeting of the shareholders of the Association may be taken without prior written notice and without any meeting if such action is taken by written action, containing a waiver of notice, signed by all of the shareholders entitled to vote on that action.

## ARTICLE V - CAPITAL

1. Capitalization. The amount of authorized capital stock of this Association shall be $1,122,000,000, divided into 112,200,000 shares of common stock of the par value of Ten Dollars ($10.00) each; but said capital stock may be increased or decreased from time to time, in accordance with the provisions of the laws of the United States.

-2-

2. <u>Voting Rights</u>. Each holder of common stock of the Association shall be entitled to vote on all matters, one vote for each share of common stock held by such holder. No holder of shares of the capital stock of any class of this Association shall have any pre-emptive or preferential right of subscription to any shares of any class of stock of this Association, whether now or hereafter authorized, or to any obligations convertible into stock of this Association, issued or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors, in its discretion, may from time to time determine and at such price as the Board of Directors may from time to time fix.

3. <u>Debt Obligations</u>. The Association, at any time and from time to time, may authorize and issue debt obligations, whether or not subordinated, without the approval of the shareholders.

ARTICLE VI - PERPETUAL EXISTENCE

The corporate existence of this Association shall continue until terminated in accordance with the laws of the United States.

ARTICLE VII - INDEMNIFICATION

To the extent permitted by 12 CFR 7.2014 and consistent with the requirements of 12 USC 1828(k) and the implementing regulations thereunder:

(a) <u>Elimination of Certain Liability of Directors</u>. A director of the Association shall not be personally liable to the Association or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Association or its shareholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

(b)(1). <u>Right to Indemnification</u>. Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Association or is or was serving at the request of the Association as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is alleged action or inaction in an official capacity as a director, officer, employee, or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Association to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Association to provide broader indemnification rights than said law permitted the Association to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall

- 3 -

continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his or her heirs, executors and administrators; provided, however, that the Association shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Association. The right to indemnification conferred in this paragraph (b) shall be a contract right and shall include the right to be paid by the Association the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that, if the Delaware General Corporation Law requires, the payment of such expenses incurred by a director of officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the Association of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director of officer is not entitled to be indemnified under this paragraph (b) or otherwise. The Association may, by action of its Board of Directors, provide indemnification to employees and agents of the Association with the same scope and effect as the foregoing indemnification of directors and officers.

(2) Non-Exclusivity of Rights. The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this paragraph (b) shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Articles of Association, by-law, agreement, vote of shareholders or disinterested directors or otherwise.

(3) Insurance. The Association may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Association or another corporation, partnership, joint venture, trust or other enterprise against any such expense, liability or loss, whether or not the Association would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

## ARTICLE VIII - AMENDMENT

These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of holders of such greater amount.

EXHIBIT "E"

# EXHIBIT "E"

1  GLENN L. BRIGGS (SBN 174497)
   Email: gbriggs@kadingbriggs.com
2  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.

7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 08 2020

Sherri R. Carter, Executive Officer/Clerk of Court
By _____, Deputy
Steven Drew

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

10

11  CAUDLEY SIMON, on behalf of        CASE NO. 19STCV42777
    himself, all others similarly situated,
12                                     Assigned for all purposes to Hon. Amy D.
            Plaintiff,                  Hogue, Department 7
13
       vs.                             **ANSWER OF DEFENDANT WELLS
14                                     FARGO BANK, N.A. TO PLAINTIFF'S
    WELLS FARGO BANK,                  CLASS ACTION COMPLAINT**
15  NATIONAL ASSOCIATION, a
    National Banking Association; and  Complaint Filed:   December 2, 2019
16  DOES 1 through 100, inclusively,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

453941

BY FAX

1    Defendant Wells Fargo Bank, N.A. ("Defendant"), for itself and no other

2    defendant, answers the unverified Class Action Complaint ("Complaint") of Plaintiff

3    Caudley Simon ("Plaintiff") as follows:

4    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant

5    denies generally and specifically each and every allegation in the Complaint.  Defendant

6    further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or

7    that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or

8    omission on the part of Defendant, or any of its past or present agents, representatives, or

9    employees, acting in the course and scope of their employment.

10

11    FIRST AFFIRMATIVE DEFENSE

12    1.    The Complaint, and each and every purported cause of action

13    contained therein, fails to state facts sufficient to constitute a cause of action.

14

15    SECOND AFFIRMATIVE DEFENSE

16    2.    The Complaint, and each and every purported cause of action

17    contained therein, is barred in whole or in part by the applicable statute of limitations,

18    including but not limited to California Code of Civil Procedure Sections 337, 338, 339,

19    340, and 343, California Labor Code Section 203, and California Business and

20    Professions Code Section 17208.

21

22    THIRD AFFIRMATIVE DEFENSE

23    3.    The Complaint, and each and every purported cause of action

24    contained therein, is not proper for treatment as a class action because, among other

25    reasons:  (a) Plaintiff is an inadequate representative of the purported class; (b) Plaintiff

26    cannot establish commonality of claims; (c) Plaintiff cannot establish typicality of

27    claims; and (d) the individualized nature of Plaintiff's claims makes class treatment

28    inappropriate.

1

## FOURTH AFFIRMATIVE DEFENSE

2   4. Plaintiff's purported cause of action for violation of Business and

3 Professions Code Section 17200, et seq. is barred because provisions of Section 17200, et

4 seq. violate the Due Process clause of the United States Constitution.

5

6

## FIFTH AFFIRMATIVE DEFENSE

7   5. Plaintiff's purported cause of action for violation of Business and

8 Professions Code Section 17200, et seq. is barred because Plaintiff, as a private litigant,

9 lacks standing to bring a claim for damages under California Business and Professions

10 Code Section 17203.

11

12

## SIXTH AFFIRMATIVE DEFENSE

13   6. Plaintiff's purported cause of action for violation of Business and

14 Professions Code Section 17200, et seq. is barred because the alleged unlawful business

15 practices, if any, are not unlawful.

16

17

## SEVENTH AFFIRMATIVE DEFENSE

18   7. Plaintiff's purported cause of action for violation of Business and

19 Professions Code Section 17200, et seq. is barred because the alleged unfair business

20 practices, if any, are not unfair within the meaning of Business and Professions Code

21 Section 17200, et seq.

22

23

## EIGHTH AFFIRMATIVE DEFENSE

24   8. The Complaint, and each and every purported cause of action

25 contained therein, is barred in whole or in part by the doctrine of unclean hands.

26

27

28

453941

3

## NINTH AFFIRMATIVE DEFENSE

9.   The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

10.   The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

11.   The Complaint, and each and every purported cause of action contained therein, is barred in whole or in part by the *de minimis* doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

12.   The Complaint, and each and every purported cause of action contained therein, is barred to the extent Plaintiff and those similarly situated, if any, consented to any alleged activity or conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   Plaintiff and those similarly situated, if any, have failed to mitigate their damages and, to the extent of such failure, any damages awarded should be reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   To the extent Plaintiff and/or those similarly situated, if any, have entered into a release encompassing causes of action alleged in the Complaint, their claims are barred by that release.

453941

4

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2       15.   Plaintiff and those similarly situated, if any, are barred from

3 recovering penalties pursuant to California Labor Code Section 203 because: (a) Plaintiff

4 has failed to plead facts sufficient to support allegations of willfulness; and (b) neither

5 Defendant nor any agent or employee of Defendant acted willfully in failing to pay wages

6 due, if any, to employees who terminated their employment with Defendant.

7

8

## SIXTEENTH AFFIRMATIVE DEFENSE

9       16.   Plaintiff's claims for penalties pursuant to California Labor Code

10 Section 203 are barred, in whole or in part, because Defendant had a reasonable, honest

11 and good faith belief that all of the wages earned by Plaintiff and those similarly situated,

12 if any, had been paid to Plaintiff and those similarly situated, if any, in a timely and lawful

13 manner at the time they were owed.

14

15

## SEVENTEENTH AFFIRMATIVE DEFENSE

16       17.   Although Defendant denies that it has committed or has responsibility

17 for any act that could support the recovery of civil penalties in this lawsuit, if and to the

18 extent any such act or responsibility is found, recovery of civil penalties against Defendant

19 is unconstitutional under numerous provisions of the United States Constitution and the

20 California Constitution, including the excessive fines clause of the Eighth Amendment,

21 the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth

22 Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions

23 of the United States Constitution, and the excessive fines clause of Section 17 of Article I,

24 the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15

25 of Article I, and other provisions of the California Constitution.

26

27

28

453941

ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S CLASS ACTION COMPLAINT

1    EIGHTEENTH AFFIRMATIVE DEFENSE

2        18.    Plaintiff's claims for injunctive and other equitable relief are barred

3    because Plaintiff and those similarly situated, if any, have an adequate and complete

4    remedy at law.

5

6    NINETEENTH AFFIRMATIVE DEFENSE

7        19.    The Court has no jurisdiction over the subject matter of the Complaint,

8    or parts thereof, because Plaintiff has failed to exhaust his administrative remedies.

9

10   TWENTIETH AFFIRMATIVE DEFENSE

11       20.    Plaintiff and those similarly situated, if any, are not entitled to

12   penalties or compensation under the applicable Labor Code sections and/or Industrial

13   Welfare Commission Wage Order(s) because they were at all times authorized and

14   permitted to take meal and rest periods but freely chose to forego or waive them.

15

16   TWENTY-FIRST AFFIRMATIVE DEFENSE

17       21.    Certain members of the putative class are barred, in whole or in part,

18   from becoming a member of any purported class because of their agreement with

19   Defendant to resolve through individual arbitration all disputes arising out of their

20   employment with Defendant.

21

22   TWENTY-SECOND AFFIRMATIVE DEFENSE

23       22.    Plaintiff's claim for penalties for purportedly providing him and those

24   similarly situated, if any, with non-compliant wage statements is barred insofar as

25   Defendant's conduct, as alleged in the Complaint, was neither knowing nor intentional.

26

27   TWENTY-THIRD AFFIRMATIVE DEFENSE

28       23.    Defendant reserves the right to assert additional affirmative defenses

1    as discovery proceeds and it becomes aware of additional facts and circumstances that

2    provide the basis for additional affirmative defenses.

3

4         WHEREFORE, Defendant prays for judgment as follows:

5

6         1.    That Plaintiff take nothing by reason of his Complaint;

7

8         2.    That the Complaint herein be dismissed in its entirety with prejudice,

9    and that judgment be entered for Defendant and against Plaintiff;

10

11        3.    That Defendant be awarded its reasonable costs and attorneys' fees;

12   and

13

14        4.    For such other and further relief as the Court deems just and proper.

15

16

17   DATED: January 8, 2020          KADING BRIGGS LLP

18                                   THERESA A. KADING

19

20                                   By: _____

21                                          THERESA A. KADING

22                                   Attorneys for Defendant
                                     WELLS FARGO BANK, N.A.

23

24

25

26

27

28

453941

7

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
                                       ) ss:
COUNTY OF ORANGE                       )

     I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is Kading Briggs LLP, 100 Spectrum Center Drive, Suite 800, Irvine, CA 92618.

     On **January 8, 2019,** I served the foregoing document(s) described as: **ANSWER OF DEFENDANT WELLS FARGO BANK, N.A. TO PLAINTIFF'S CLASS ACTION COMPLAINT** on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

| | |
|---|---|
| Shaun Setareh, Esq. | Attorney for Plaintiffs |
| Thomas Segal, Esq. | CAUDLEY SIMON, et al. |
| Farrah Grant, Esq. | |
| Setareh Law Group | Email:  shaun@setarehlaw.com |
| 315 Beverly Drive, Suite 315 | Email:  thomas@setarehlaw.com |
| Beverly Hills, CA 90212 | Email:  farrah@setarehlaw.com |
| | Telephone:  (310) 888-7771 |
| | Facsimile:  (310) 888-0109 |

☐  **BY ELECTRONIC SERVICE THRU ONE LEGAL ONLINE COURT SERVICES:** Pursuant to C.R.C. 2.251, I caused a copy of the foregoing document to be uploaded to One Legal Online Court Services for electronic service on the above-referenced individuals.

☒  **BY MAIL:** I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Kading Briggs LLP for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY FACSIMILE:** I caused said document(s) to be transmitted to a facsimile machine maintained by the office of the addressee(s) at the facsimile machine number(s) indicated.  Said facsimile number(s) are the most recent numbers appearing on documents filed and served by the addressee(s).  I received electronic confirmation from the facsimile machine that said document was successfully transmitted without error.  A copy of said electronic confirmation is maintained in this office.

☐  **BY OVERNIGHT DELIVERY:** I am readily familiar with the practice of Kading Briggs LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by the overnight delivery carrier.

☒  **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 8, 2019,** at Irvine, California.

Valerie Beechler

EXHIBIT "F"

EXHIBIT "F"

| | | |
|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/02/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Steve Drew _____, Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | | CASE NUMBER:<br>19STCV42777 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Amy D. Hogue | 7 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record       Sherri R. Carter, Executive Officer / Clerk of Court

on 12/02/2019 _____                                                By Steve Drew _____, Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06        **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

## Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

## *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:            FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
              (INSERT DATE)                                  (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____           > _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR PLAINTIFF)

Date:

_____           > _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____           > _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____           > _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR DEFENDANT)

Date:

_____           > _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

Date:

_____           > _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

Date:

_____           > _____
(TYPE OR PRINT NAME)                             (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.    Be filed within two (2) court days of receipt of the Request; and

     iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |

1. This document relates to:

    ☐    Request for Informal Discovery Conference
    ☐    Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER



## Superior Court of California, County of Los Angeles

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.
    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a.   **The Civil Mediation Vendor Resource List**
     Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or
     free (for selected cases) mediation in person or with ODR (by phone or online).

   • JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
   • Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

   These organizations cannot accept every case and they may decline cases at their discretion.
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE: This service is not available for family law, probate or small claims.

b.   **Los Angeles County Dispute Resolution Programs**
     https://wdacs.lacounty.gov/programs/drp/.
   • Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions)
     and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
   • Free or low-cost mediations before the day of trial for these and other case types.
   • For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the
     day of trial, visit
     http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c.   **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3.  **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the
    person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to
    trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more
    information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4.  **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial
    date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but
    assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.
    For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

EXHIBIT "G"

# EXHIBIT "G"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 7

**19STCV42777**                                      December 20, 2019
**CAUDLEY SIMON vs WELLS FARGO BANK, NATIONAL**                8:48 AM
**ASSOCIATION**

Judge: Honorable Amy D. Hogue            CSR: None
Judicial Assistant: Alfredo Morales        ERM: None
Courtroom Assistant: Teresa Bivins         Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s):  No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re Newly Assigned Case

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has randomly assigned this case to this department
for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
02/28/2020 at 10:00 AM in this department. At least 15 days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. The Initial Status Conference Order is to help the Court and
the parties manage this complex case by developing an orderly schedule for briefing, discovery,
and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the
Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex
litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 7

**19STCV42777**                                                    December 20, 2019
**CAUDLEY SIMON vs WELLS FARGO BANK, NATIONAL**                        8:48 AM
**ASSOCIATION**

Judge: Honorable Amy D. Hogue              CSR: None
Judicial Assistant: Alfredo Morales        ERM: None
Courtroom Assistant: Teresa Bivins         Deputy Sheriff: None

dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of
this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within 7 days of
service. Certificate of Mailing is attached.

**FILED**
Superior Court of California
County of Los Angeles

**DEC 20 2019**

Sherri R. Carter, ~~Executive Officer/Clerk~~
By _alfredo Morales_ deputy
ALFREDO MORALES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| Caudley Simon | ) Case No. 19STCV42777 |
| | ) |
| Plaintiff, | ) INITIAL STATUS CONFERENCE ORDER |
| | ) |
| vs. | ) (COMPLEX LITIGATION) |
| | ) |
| Wells Fargo Bank, National Association | ) Case assigned for all purposes to |
| | ) Judge Amy D. Hogue |
| Defendant | ) Spring Street Courthouse |
| | ) Department 7 |
| | ) ISC Date: February 28, 2020 |
| | ) |

This case has been assigned for all purposes to Judge Amy D. Hogue, Complex

Litigation, Department 7. Counsel for all parties are ordered to appear for an Initial Status

Conference on February 28, 2020 at 10:00 a.m. in Department 7, Second Floor, 312 North

Spring Street, Los Angeles, California 90012.

The purpose of the Initial Status Conference is to identify the most fair and efficient way of

proceeding with the case. To that end, the Court strongly encourages the parties to propose any

1

and all approaches to case management that will promote the fair and efficient handling of the case. The Court is particularly interested in identifying dispositive or significant issues that may be addressed earlier rather than later in the case. For example, if an important issue in the case is the admissibility of critical evidence (such as expert testimony), an early motion *in limine* to decide that issue may be the most efficient way to proceed.   If the Court's interpretation of provisions in a contract is a key issue, it may make sense for the plaintiff to amend the complaint (or the defendant to amend the answer) to attach a copy of the contract so that the court can adjudicate the issue in a demurrer.

The Court orders Counsel for all parties to meet and confer in person at least 15 days before the Initial Status Conference. The purpose of the meeting is to discuss the following issues so that counsel can prepare a Joint Statement to be filed with the Court five court days before the Initial Status Conference.   Plaintiff's counsel should take the lead in preparing the Joint Statement and in ensuring that it includes a brief description of the case and addresses the following questions.

1) Are there any issues of judicial recusal or disqualification?

2) Are any parties improperly named as defendants?

3) Will either side challenge jurisdiction or venue or move to compel arbitration?

4) What are the key legal and factual issues affecting each side's evaluation of this case?

5) Are any of these key issues suitable for an early adjudication? For example, does it make sense for the court to promptly adjudicate a statute of limitation defense, interpret a provision in a statute, adjudicate the adequacy of a class representative, or decide the admissibility of critical evidence?

6) Is the most efficient procedure for presenting key issues to the court a motion, bifurcated

trial, motion in limine, motion to certify or deny class certification, or another proceeding?

7) How and when do the parties plan to engage in the various forms of discovery?[1]

8) Does it make sense to bifurcate certain issues for discovery or trial?

9) How will the parties preserve evidence and uniformly identify documents produced in discovery?

10) Do the parties need to execute a joint stipulation for protective order? The court recommends the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11) Will the parties employ a mediator or ask the Court to order a mandatory settlement conference as a means of alternative dispute resolution (ADR)?

12) Does any party have insurance (indemnity or reimbursement) and are there any potential coverage issues that may affect settlement.

In addition to addressing these questions, the parties' Joint Statement must include the following information.

13) The estimated size of any putative class.[2]

14) A deadline for adding and serving any new parties.

---

[1] If electronically stored information must be produced, the court encourages the parties to have their respective IT consultants/employees participate in the meet and confer process addressing (1) the information management systems employed by the parties; (2) the location and custodians of information (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

[2] In class action/PAGA Initial Status Conferences, the court generally orders the parties to utilize the procedure approved in *Bel-Aire West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, sharing the cost equally.

15) The parties' selected e-service provider (Case Anywhere, FileandServeXpress, or Case Homepage).[3]

16) A description (including case numbers) of any related cases pending in other courts (including class actions with overlapping class definitions).

17) Whether the parties stipulate that discovery and/or pleading stays entered by the Court for case management purposes are excluded from the five year rule under Code of Civil Procedure Section 583.310.

18) A service list identifying all primary and secondary counsel along with their firm names, addresses, telephone numbers, email addresses and fax numbers.

19) Recommended dates and times for the following:

   a.   The next status conference.

   b.   Mediation completion.

   c.   A filing deadline (and proposed briefing schedule) for key motions or proceedings, if any.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Statement, each side may state its position in point/counterpoint fashion.

---

[3] Please note that e-service does not effectuate a justiciable filing with the court.  Until Los Angeles Superior Court activates e-filing for the complex civil departments, the parties must file or fax file paper documents with the court. Uploading a document onto the e-service provider's website provides notice to the court and to the parties but does not place them in the public record or effectuate a filing with the court.

The Court directs each defendant to file a Notice of Appearance for purposes of identifying and serving all counsel. The Notice of Appearance shall be without prejudice to any affirmative defense, cross complaint, affirmative defense or jurisdictional challenge.

All proceedings in this action are otherwise stayed. The Court issues the stay to assist the Court and the parties in this "complex" case by ensuring, among other things, an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint. This stay precludes the filing of any answer, demurrer, motion to strike, or motion challenging the jurisdiction of the Court. Although this stay applies to formal discovery, it does not prevent the parties from informally exchanging documents or information that may assist in their initial evaluation of the issues presented in this case. Any future stay ordered by the Court for purposes of case management is not a stay under Code of Civil Procedure section 583.310 unless the Court so orders.

The Court orders Plaintiffs' counsel to serve this Initial Status Conference Order on counsel for Defendant(s), or if counsel is not known, on Defendant(s) within five (5) days of the date of this Order. If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of the date of this Order.

Dated:   DEC 2 0 2019

AMY D. HOGUE
Judge of the Superior Court

5

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/20/2019**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____Alfredo Morales_____ Deputy |
| PLAINTIFF/PETITIONER:<br>Caudley Simon | |
| DEFENDANT/RESPONDENT:<br>Wells Fargo Bank, National Association | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>19STCV42777 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re Newly Assigned Case) of 12/20/2019, Initial Status Conference Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Chaim  Setareh
Setareh Law Group
315 S. Beverly Dr.
Suite 315
Beverly Hills, CA  90212

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/20/2019

By: _____Alfredo Morales_____
Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT "H"

# EXHIBIT "H"

1   GLENN L. BRIGGS (SBN 174497)
    Email: gbriggs@kadingbriggs.com
2   THERESA A. KADING (SBN 211469)
    Email: tkading@kadingbriggs.com
3   KADING BRIGGS LLP
    100 Spectrum Center Drive, Suite 800
4   Irvine, California 92618
    Telephone: (949) 450-8040
5   Facsimile: (949) 450-8033

6   Attorneys for Defendant
    WELLS FARGO BANK, N.A.
7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

10

11   CAUDLEY SIMON, on behalf of          CASE NO. 19STCV42777
     himself, all others similarly situated,
12                                         Assigned for all purposes to Hon. Amy D.
                  Plaintiff,               Hogue, Department 7
13
         vs.                               **NOTICE TO ADVERSE PARTY OF**
14                                         **REMOVAL OF CIVIL ACTION TO**
     WELLS FARGO BANK, NATIONAL            **UNITED STATES DISTRICT COURT**
15   ASSOCIATION, a National Banking       **PURSUANT TO 28 U.S.C. §§ 1332(d) AND**
     Association; and DOES 1 through 100,  **1441**
16   inclusively,

17               Defendants.

18

19

20

21

22

23

24

25

26

27

28

454184

1

1  TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2

3         PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in

4  the United States District Court for the Central District of California on January 8, 2020.

5  A copy of said Notice of Removal and supporting exhibits are attached to this Notice and

6  are served and filed herewith.

7

8

9  DATED: January 7, 2020              KADING BRIGGS LLP

10                                     GLENN L. BRIGGS
                                       THERESA A. KADING

11

12                                     By: _____

13                                        THERESA A. KADING
                                       Attorneys for Defendant

14                                     WELLS FARGO BANK, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

454184

2

EXHIBIT "I"

# EXHIBIT "I"

GLENN L. BRIGGS (SBN 174497)
Email: gbriggs@kadingbriggs.com
THERESA A. KADING (SBN 211469)
Email: tkading@kadingbriggs.com
KADING BRIGGS LLP
100 Spectrum Center Drive, Suite 800
Irvine, California 92618
Telephone: (949) 450-8040
Facsimile: (949) 450-8033

Attorneys for Defendant
WELLS FARGO BANK, N.A.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, SPRING STREET COURTHOUSE

| | |
|---|---|
| CAUDLEY SIMON, on behalf of himself, all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Banking Association; and DOES 1 through 100, inclusively,<br><br>        Defendants. | CASE NO. 19STCV42777<br><br>Assigned for all purposes to Hon. Amy D. Hogue, Department 7<br><br>**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1441** |

454183

1

1  TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS

2  ANGELES:

3

4          Attached hereto as Exhibit "1" is a true and correct copy of the Notice to Adverse

5  Party of Removal of this action to the United States District Court for the Central District

6  of California.  The original Notice of Removal of Civil Action to the United States

7  District Court was filed with the United States District Court for the Central District of

8  California with the attached exhibits on January 8, 2020.

9          The filing of said Notice of Removal effects the removal of the above-entitled

10  action from this Court.

11

12  DATED: January 7, 2020                     KADING BRIGGS LLP
                                                GLENN L. BRIGGS
13                                              THERESA A. KADING

14

15                                          By: _____

16                                              THERESA A. KADING
                                                Attorneys for Defendant
17                                              WELLS FARGO BANK, N.A.

18

19

20

21

22

23

24

25

26

27

28

454183

NOTICE TO STATE COURT OF REMOVAL OF ACTION TO FEDERAL COURT